Catron, Ch. J.
delivered the opinon of the court.
This was an action of de.ceit for, selling the plaintiff a disordered horse, as sound. The proof is, the horse was sold for a full price, eighty dollars in trade; that he had the stiff disorder, and was worth little or nothing. There was some proof that Lowe acted as the agent of Lee, in making the sale, and therefore Lowe alone was the responsible defendant, to Carpenter. If Lee aided ■ Lowe in committing the fraud, he is liable, no difference in what capacity he acted, because as to Carpenter, damage and fraud concurred. Did Lee know the horse to be disordered, and represent him sound? If so, he is liable; so if he concealed the fact.
There was also evidence introduced to show that Carpenter paid for the horse with the property of Runnells.
The court charged the jury, that if Lowe and Lee were not in partnership in the horse, the jury must find for the defendants. That if the horse was Lee’s property, and Lowe sold him as Lee’s agent, and was guilty of no fraud, then they must find for the defendants That the partnership in the horse must be proved by the plaintiff, to authorize him to recover.
This was an action against the defendants jointly, for a tort; that is, for a deceitful warranty. In such case, the jury might well have found Lee guilty and Lowe not guilty. 1 Chitty’s PI. 7.5, Philadelpha edition. Had the action been on the warranty, and strictly on the contract, the same rule would hold by the statute of 1820, ch. 25, sec. 2, as this court held at the present term in Darwin vs. Cox and M’Kinney, (a)
*267 The latter part of the charge, this court think was well calculated to mislead the jury. If Carpenter purchased the horse, professing to contract for himself, and on his own account, and Lowe and Lee so understood the contract when made, they are responsible to Carpenter, and he was the proper person to sue; a fact that seems to admit of no doubt from the evidence set out in this record. ' If Runnells saw proper to furnish Carpenter with a part of the property to purchase a horse, it matters nothing to Lowe and Lee. Runnells sets up no claim to deprive them of the property transferred to them by Carpenter. They dealt with and sold the unsound horse to Carpenter, and to him ought to account for the fraud. The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.

 Ante, 257.